UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff in Interpleader,

v.

KATHLEEN APRIL, et al.,

Defendants in Interpleader.

---

JAMES M. BECKER, an individual

Crossclaimant,

v.

R&HB LIFE, LLC; a California business entity, LI SU, an individual; RUNTAO DENG, an individual; CIYA PETSUPP TRADE LLC, sued a Ciya Pet Supply Trade LLC, a California business entity; and ROES 1-25, inclusive,

Cross-Defendants.

Case No.: 24-cv-0826-BJC-MMP

**ORDER DIRECTING CLERK OF COURT TO ENTER DEFAULT AGAINST NON-RESPONDING DEFENDANTS**

**(ECF No. 65)**

On August 13, 2026, Defendants in Interpleader James M. Becker, Robert Schwartz, Runtao Deng, Ciya Pet Supply Trade, LLC, and Chaitram Monessar jointly moved for the clerk's entry default against sixty (60) non-appearing defendants. ECF No. 65.

Obtaining default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *See Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). The Clerk may only enter default where it is evident that service was properly effectuated under Rule 4 of the Federal Rules of Civil Procedure. *See Ruiz v. Aragon*, 1:22-cv-01468, 2023 WL 1420663, at *1 (E.D. Cal. Jan. 31, 2023) ("[A] clerk's entry of default is not appropriate against the Defendants because service was not proper under Fed. R. Civ. P. 4."). Once the clerk enters the default, a party must then separately seek entry of default judgment from the court in accordance with Rule 55(b).

Upon review of the docket, the Court finds that each non-appearing defendants has been properly served but has not responded or otherwise appeared in this action.[1] Accordingly, the Court **DIRECTS** the Clerk of Court to enter default against the following defendants:

1. Kathleen April;
2. Arthur E. Bailey;
3. Brian Burthlong;
4. Alberto Chavez;
5. Zezhao Chen;
6. Gaoussou Cissoko;
7. Qingjinlong Cui;
8. Kelly Erickson;
9. Frank Evaro;
10. Yechale Getahun;
11. Vivian Hartjes;
12. Lijun He;
13. Heyi Trade Ltd;
14. Ernest R. Hoggard;
15. Fangzhou Huang;
16. Muhammad Iftikhar;

[1] The Court notes that many of the non-appearing defendants were properly served by publication. *See* ECF No. 50; *see also United States v. Estate of Swan,* 441 F.2d 1082, 1085 (5th Cir. 1971) (finding that where an interpleader action satisfies the requirements of 28 U.S.C. § 1655, constructive service pursuant to that section will give the court jurisdiction over defendants not amenable to personal service; *Baltimore Life Ins. Co. v. Torres*, No. 121CV01001DADSAB, 2021 WL 5450281 (E.D. Cal. Nov. 22, 2021) (finding service by publication proper in an interpleader action where personal service is shown to be impracticable).

17. Hongfa Jiang;
18. JNR Construction Corp.;
19. Infinite Future Trading LLC;
20. Nan Ji;
21. Jiguo Jin;
22. Junming Kuang;
23. Xiaohan Li;
24. Xinzhi Li;
25. Yuanbo Li;
26. Ying Jian Lu;
27. Yizhen Luo;
28. Jiana Lyu;
29. Fuhsing Liu;
30. Mingsong Lyu;
31. Pat H. Ma;
32. Lorna Maruquez;
33. Douglas C. Maybin;
34. Jie Mei;
35. Tapas Ranjan Misra;
36. Rajpati Monessar;
37. Osama Nahas;
38. Ji Nan;
39. Israel M. Nussbaum;
40. Cynthia Ong;
41. Tiffany Piper;
42. R&hb Life LLC;
43. Mojgan Samadi;
44. Baicun Shi;
45. Li Su;
46. Emmanuel Tochie;
47. Nelven Venus;
48. Xingyu Wang;
49. Ziyang Wang;
50. John Woodson;
51. Liquan Wu;
52. Yang Wu;
53. Jiayi Xu;
54. Yu Xu;
55. Chingfook M. Yuen;
56. Jian Zhang;
57. Xin Zhang;
58. Menghao Zhao;
59. Haoyi Zheng; and
60. Zhuangxing Zheng

**IT IS SO ORDERED.**

Dated: October 22, 2026

Honorable Benjamin J. Cheeks
United States District Judge